# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

LA-Z-BOY INCORPORATED,
a Michigan corporation,

    Plaintiff,

Case No. _____

v.

Honorable _____

JACKSON FURNITURE INDUSTRIES, INC.
a Tennessee corporation,

    Defendant.

---

## COMPLAINT FOR PATENT INFRINGEMENT
## AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, LA-Z-BOY INCORPORATED ("LA-Z-BOY"), by its attorneys HARNESS, DICKEY & PIERCE, PLC, and for its Complaint against the Defendant JACKSON FURNITURE INDUSTRIES, INC. ("JACKSON"), states as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under 35 U.S.C. §§ 271, 283, 284, and 285.

## THE PARTIES

2. LA-Z-BOY is a Michigan corporation having a principal place of business at One La-Z-Boy Drive, Monroe, Michigan 48162.

3. On information and belief, JACKSON is a Tennessee corporation having a place of business at 1910 King Edward Avenue, SE, Cleveland, TN 37311.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over JACKSON because JACKSON has engaged in the carrying on of a continuous and systematic part of its general business within the State of Michigan, and has transacted business within the State of Michigan by, among other things, its acts of marketing, distributing, providing, offering for sale, and/or selling power reclining chairs including a power headrest that LA-Z-BOY alleges infringe LA-Z-BOY's U.S. Patent No. 8,702,173 in stores throughout the State of Michigan, including stores located in this judicial district. JACKSON has in the past and continues to cause harm to LA-Z-BOY in

Michigan as a result of acts it has committed and continues to commit both inside and outside of the State of Michigan. *See* MCL §§600.711(3) and 600.715(1) and (2).

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c), 1391(d), and 1400(b).

## FACTUAL BACKGROUND

7. LA-Z-BOY is a world-famous and leading producer of residential furniture products for every room in the home. LA-Z-BOY is one of the best known and most respected furniture companies in the world, doing business in almost every major country.

8. On April 22, 2014, U.S. Patent No. 8,703,173 entitled "Furniture Member Powered Headrest Rotation And Release System" ("the '173 patent") was duly and lawfully issued from the United States Patent and Trademark Office ("the USPTO") to inventors Chad E. Adams, Larry P. LaPointe, Richard E. Marshall, Eric B. Harwood, and Eugene O. Cole, II. A copy of the '173 patent is attached to this Complaint as Exhibit 1.

9. LA-Z-BOY is the owner of the '173 patent by way of assignments from the inventors.

10. The '173 patent describes a powered headrest operating system that includes a headrest connected to a seatback frame. An actuation mechanism is

connected to the seatback frame and has a power actuated member connected to the headrest operating between retracted and extended positions to rotate the headrest from a fully retracted to a forward rotated position. A release system retains the headrest at any forward rotated position while the actuation mechanism returns the power actuated member from the extended to the retracted positions if the headrest encounters an object blocking return to the retracted position.

11. LA-Z-BOY sells furniture products having a power headrest that are covered by the '173 patent, including power reclining chairs having a power headrest that it markets as PowerRecline+™, PowerReclineXR®+ and PowerReclineXRw®+.

12. LA-Z-BOY's licensee of the '173 patent sells an actuation mechanism for furniture products having a power headrest that are covered by the '173 patent.

13. Notice to the public of the '173 patent is provided by marking products with the '173 patent in compliance with 35 U.S.C. § 287.

**COUNT I – JACKSON'S DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,702,173**

14. LA-Z-BOY restates the allegations contained in paragraphs 1-13.

15. On information and belief, JACKSON manufactures, offers for sale and/or sells in the United States furniture products having a power headrest, including power reclining chairs having a power headrest that it markets under the "Catnapper" brand (the "Accused Product(s)"). Representative examples of the

Accused Products can be identified from JACKSON's sales and marketing literature, selected pages from which are attached to this Complaint as Exhibit 2.

16. On information and belief, the Accused Products can be purchased at any of JACKSON's 2,500 authorized local retailers throughout the United States, which can be identified via JACKSON's "Dealer Locator" webpage, http://www.catnapper.com/Locator. On information and belief, about twenty-five (25) of JACKSON's authorized local retailers are located in this judicial district. *See, e.g.,* Exhibit 3.

17. LA-Z-BOY has acquired an exemplary Accused Product, photographs of which are attached to this Complaint as Exhibit 4.

18. LA-Z-BOY has studied the exemplary Accused Product and concluded that the Accused Product meets each of the limitations of at least one claim of the '173 patent.

19. JACKSON, therefore, has in the past and is currently directly infringing the '173 patent under 35 U.S.C. § 271(a) by making, using, offering for sale, and/or selling in the United States, without LA-Z-BOY's authority, the Accused Products that embody one or more of the claims of the '173 patent.

20. By way of example and not limitation, JACKSON has in the past and/or is currently making, using, offering for sale, and/or selling in the United

States the Accused Products that directly infringe at least claim 1 of the '173 patent.

21.     JACKSON's infringing activities have and continue to directly and proximately cause immediate and irreparable injury to LA-Z-BOY for which LA-Z-BOY has no adequate remedy at law.

22.     JACKSON will continue its infringing activities unless enjoined from doing so by the Court.

23.     JACKSON's infringing activities have and continue to directly and proximately cause damages to LA-Z-BOY.

## PRAYER FOR RELIEF

WHEREFORE, LA-Z-BOY prays that this Court:

A.     Enter judgment for LA-Z-BOY against JACKSON declaring that JACKSON has infringed U.S. Patent No. 8,702,173;

B.     Permanently enjoin and restrain JACKSON, its agents, servants, employees, partners, attorneys, successors and assigns, and all those acting in concert with JACKSON, from infringing, either directly, by inducement or contribution, U.S. Patent No. 8,702,173;

C.     Enter an Order requiring JACKSON to file with this Court and to serve upon LA-Z-BOY or LA-Z-BOY's counsel, within thirty (30) days after the entry and

service of any injunction issued, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction;

  D. Require JACKSON to post an appropriate bond and Order any other appropriate relief to assure compliance with any injunctive provision or other provision Ordered by the Court;

  E. Enter an Order directing JACKSON, its agents, servants, employees, partners, attorneys, successors and assigns, and all those acting in concert with JACKSON, to deliver to this Court or to LA-Z-BOY for destruction, or show proof of said destruction, of all infringing products;

  F. Order an equitable accounting to determine the profits of and other sums JACKSON has derived from the complained-of patent infringement and other wrongful acts, and that such amount be paid over to LA-Z-BOY as an equitable remedy;

  G. Award to LA-Z-BOY all damages resulting from the JACKSON's patent infringement and order that said damages be trebled in accordance with 35 U.S.C. § 284;

  H. Enter judgment declaring that this case is exceptional and that LA-Z-BOY is entitled to recover its costs and reasonable attorney fees incurred in this action, pursuant to 35 U.S.C. § 285; and

7

I. Enter judgment granting such other and further relief and damages to LA-Z-BOY as justice and equity may require.

## JURY DEMAND

LA-Z-BOY hereby requests a trial by jury of all issues so triable.

Respectfully submitted,

DATED: August 26, 2016     By:    s/David P. Utykanski

**HARNESS, DICKEY & PIERCE, PLC**
David P. Utykanski (P47029)
J. Bradley Luchsinger ( P76115)
5445 Corporate Drive, Suite 200
Troy, Michigan 48098
(248) 641-1600
(248) 641-0270 (fax)
Email: davidu@hdp.com
bluchsinger@hdp.com

*Attorneys for Plaintiff La-Z-Boy Incorporated*

20904135.1